Per Curiam,
We cannot say that it was error in the court below to refuse to take off the non-suit. The undisputed evidence in the case shows that the plaintiff below was a passenger on the railroad of the defendant company. His destination was Kaighn’s Avenue Crossing in the city of Camden. The said Crossing was a stopping place to discharge and receive passengers, but without either a station or platform. The train stopped there, on the occasion referred to, and the plaintiff, instead of getting off on the side where passengers usually alight, stepped off on the other, or track, side of the road, and was injured by a passing train. Had he used his eyes, he could not have failed to see the approaching train, and at a sufficient distance to have avoided the accident. We have repeatedly said that a man who deliberately or negligently steps in front of an approaching train has no cause of action in case *126 of injury. As was said in the case of Carroll v. Pa. R. R. Co., 12 W. N. C. 348: “ It is in vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive.” To the same point is the recent case of R. R. Co. v. Bell, 22 lb. 370. The reason given by the plaintiff for getting off on the wrong side has little force. He said : “ It was a better place to get off on the left. It was a leveler surface and an easier place to get down than it was on the right.” Yet there was neither allegation nor proof that it was unsafe to get off on the right, where passengers usually alighted, and if, to avoid it, the plaintiff voluntarily got off at a known place of danger, he has no one to blame but himself for this unfortunate accident.
Judgment affirmed. W. T. B.